**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

November 14, 2024

**LETTER ORDER**

    Re: <u>Jennifer P. v. Martin O'Malley, Commissioner, Social Security Administration</u>[1]
         Civil Case No. SAG-24-0409

Dear Counsel:

On February 12, 2024, Plaintiff Jennifer P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 8, 10, 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on July 29, 2020, alleging a disability onset of June 26, 2018. Tr. 225-31. Plaintiff's claims were denied initially and on reconsideration. Tr. 70-86, 88-108. On March 16, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-67. Following the hearing, on March 30, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 15-39. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Commissioner of Social Security on February 12, 2024. ECF No. 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Jennifer P. v. O'Malley
Civil No. SAG-24-0409
November 14, 2024
Page | 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 26, 2018, the alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, migraine headache, affective disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD")." Tr. 20. The ALJ determined that Plaintiff did not suffer from any non-severe impairments. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except that she must avoid concentrated exposure to fumes, odors, gases, temperature extremes, and similar pulmonary irritants; she must avoid workplace hazards such as unprotected heights and dangerous machinery; she could perform routine, repetitive tasks involving only occasional use of judgment, decision making, and workplace changes; she could tolerate only occasional interaction with the public, coworkers, and supervisors; and, she could maintain concentration, persistence, and pace for extended periods on simple job tasks, but not complex job tasks.

Tr. 22. The ALJ determined that Plaintiff was unable to perform past relevant work as a customer service clerk (DOT[3] #241.367-014), day care worker (DOT #359.677-018), and secretary/office clerk (DOT #203.362-010) but could perform other jobs that existed in significant numbers in the national economy. Tr. 34-35. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 35.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Jennifer P. v. O'Malley
Civil No. SAG-24-0409
November 14, 2024
Page | 3

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ (1) "failed to properly evaluate the medical source opinions" of Dr. Butler and Ms. Blanc, Psychiatric Mental Health Nurse Practitioner – Board Certified ("PMHNP-BC") resulting in an RFC unsupported by substantial evidence or logical explanation, and (2) "failed to properly evaluate Plaintiff's subjective symptom testimony." ECF No. 8, at 3, 17-29; ECF No. 11, at 2-8. Defendant counters that substantial evidence supports the ALJ's evaluation of the persuasiveness of the medical opinions and that the ALJ appropriately evaluated Plaintiff's subjective symptoms. ECF No. 10, at 6-23.

For the reasons explained below, the Court agrees with Plaintiff that the ALJ improperly rejected certain opined limitations in evaluating Dr. Butler's opinion. A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes the claimant from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff contends that the ALJ "failed to properly evaluate the persuasive value" of Dr. Butler's medical opinion. ECF No. 8, at 17-20. Specifically, Plaintiff avers that the ALJ's analysis of her migraine headaches during the evaluation of Dr. Butler's opinion "is misplaced, . . . because Dr. Butler based her opinion about work breaks and absenteeism on Plaintiff's psychiatric impairments, not her migraine headaches." ECF No. 8, at 18. Plaintiff argues that the ALJ's

Jennifer P. v. O'Malley
Civil No. SAG-24-0409
November 14, 2024
Page | 4

failure to properly evaluate Dr. Butler's opinion resulted in an RFC unsupported by substantial evidence or logical explanation. *See* ECF No. 8, at 17-20. The Court finds this argument dispositive. Essentially, though, the problem appears to be that Dr. Butler filled out the wrong form and used a form designed to address physical limitations to describe Plaintiff's mental limitations.

In assessing Plaintiff's RFC, the ALJ considered Dr. Butler's opinion that Plaintiff would require an "unknown" number of unscheduled breaks during a normal workday due to her "emotional state" and that Plaintiff would be absent from work more than four times a month due to Plaintiff's impairments or treatments. *See* Tr. 622-24. The ALJ acknowledged that Dr. Butler only listed Plaintiff's diagnoses as generalized anxiety disorder and depression, causing Plaintiff to experience "palpitations, sweating, shortness of breath, fear of leaving home, fear of driving, and fear of new situations." Tr. 30; *see* Tr. 622. The ALJ found "little support" for Dr. Butler's opinion and accorded it "little to no persuasive value." Tr. 30. The ALJ noted that Dr. Butler's "check-box form is unaccompanied by narrative explanations for its findings – or lack thereof – and does not include citations to treatment records or diagnostic testing." Tr. 30. Seemingly trying to turn the analysis back to physical impairments, which are the focus of the form Dr. Butler completed, the ALJ then discussed Plaintiff's migraine headaches and her back, observing that "[i]n terms of physical functional capabilities" Plaintiff took medication prescribed by Dr. Butler for migraine headaches as well as medication for back spasms. Tr. 30. The ALJ continued by noting that there "is little to no evidence of treatment with any specialists for her headaches or her back after the alleged onset date[,]" and no indication from treatment records that Plaintiff's migraine headaches or back spasms "significantly interfered with [her] day-to-day functioning." Tr. 30-31. The ALJ observed that Plaintiff testified that her migraines occurred "only three to four times each month[,]" and that physical examinations "were generally unremarkable and included normal gait." Tr. 31. The ALJ concluded that "Dr. Butler's conclusory findings with respect to need for work breaks and absences is generally without support and was not accommodated in the [RFC] assessment." Tr. 31.

Here, remand is warranted because the Court is unable to discern the ALJ's rationale for rejecting Dr. Butler's opined work break and absenteeism limitations. The ALJ correctly acknowledged that Dr. Butler "made no exertional, postural, manipulative, or environmental limitation findings." Tr. 30; *see* Tr. 622-24. Yet, the ALJ's evaluation of Dr. Butler's opinion relied on an analysis of Plaintiff's physical capabilities, including her migraine headaches and back spasms. *See* Tr. 30-31. Of course, this is likely because Dr. Butler used a form designed to discuss physical capabilities to convey her opinion, which rested on Plaintiff's mental impairments of generalized anxiety disorder and depression as well as her "emotional state." Tr. 622-24. As Plaintiff correctly proffers, the ALJ failed to explain "how the evidence about Plaintiff's migraines or spine was relevant to Dr. Butler's opinion about limiting effects of depression and anxiety." ECF No. 8, at 18. While the issue seems to have arisen from Dr. Butler's use of the wrong form, the end result is a ruling that lacks coherence. As such, the ALJ failed to build an "accurate and logical bridge" between the evidence and the conclusion that Plaintiff's physical functional capabilities, specifically Plaintiff's migraine headaches and back spasms, warranted a rejection of

Jennifer P. v. O'Malley  
Civil No. SAG-24-0409  
November 14, 2024  
Page | 5

Dr. Butler's opined work break and absenteeism limitations. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The Court finds that this error is not harmless because the ALJ's failure to properly evaluate Dr. Butler's opinion affected the subsequent conclusions, warranting remand. Had the ALJ appropriately evaluated Dr. Butler's opinion as an opinion about mental limitations, the ALJ may have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled. For example, during the hearing, the vocational expert testified that employers would "tolerate about 10% of the day, maximum, in addition to regular breaks[,]" for off-task behavior. Tr. 65-66. Therefore, the vocational expert's testimony considered in conjunction with Dr. Butler's opinion may preclude Plaintiff from all work at step five if the work break and absenteeism limitations of Dr. Butler's opinion are deemed persuasive.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher  
United States District Judge